IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BURTON, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:17-CV-1818-G |
| | ) | |
| DALLAS COUNTY JAIL, ET AL., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff Burton is currently incarcerated and has filed this complaint under 42 U.S.C. § 1983. He filed this complaint on behalf of himself and Plaintiff Jeremy Slade. Plaintiff Burton is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas County Jail, the Parkland Jail Health Department, and Eli Lilly and Company Global Health ("Eli Lilly"). The Court has not issued process pending judicial screening.

Plaintiff Burton claims that Defendant Eli Lilly, maker of the drug Zyprexa, was negligent when it failed to properly warn doctors of Zyprexa's side effects. He states doctors at the Dallas County Jail were negligent when they failed to inform him and Plaintiff Slade of Zyprexa's side effects. He claims Zyprexa caused him and Plaintiff Slade to gain excessive weight, and that it caused him to have high blood pressure, adema, hyperglycemia, and pre-

diabetes. He seeks money damages, and an order requiring Defendants to provide inmates with more information regarding Zyprexa's side effects.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

**1.    Plaintiff Jeremy Slade**

Plaintiff Burton filed this complaint raising claims on behalf of himself and Jeremy Slade.[1] Plaintiff Burton, however, does not allege that he is a licensed attorney. He therefore lacks standing to litigate claims on behalf of Jeremy Slade. *See Kennedy v. Dallas Police Dep't, No. 3:06–cv–716–G, 2007 WL 30260, at *2 (N.D.Tex. Jan.4, 2007)* (plaintiff may bring a

---

[1] Jeremy Slade did not sign the complaint and did not submit a copy of his inmate trust account for determination of his *in forma pauperis* status.

Section 1983 action only for deprivations he himself has suffered); *see also Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.,* No. 3:09–cv–346–O, 2009 WL 2058446, at *2 (N.D.Tex. July 14, 2009) ("Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. §1654, individuals who do not have a law license may not represent other parties even on a next friend basis."). The claims on behalf of Jeremy Slade should therefore be dismissed.

2. **Non-Jural Entities**

Plaintiff Burton names the Dallas County Jail and the Parkland Jail Health Department as Defendants. These Defendants are non-jural entities and cannot be sued under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (city police department). Governmental offices and departments do not have a separate legal existence. *See, Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same); *Moore v. South Tower Medical*, 2013 WL 2370535, No. 3:12-CV-3981-N (N.D. Tex. May 31, 2013) (finding Parkland Jail Health is a non-jural entity). These Defendants should therefore be dismissed.

3. **Eli Lilly**

Plaintiff Burton claims Defendant Eli Lilly failed to properly warn doctors about the

effects of taking Zyprexa.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970). Here, Plaintiff has failed to allege that Eli Lilly acted under color of state law.

Further, under Texas law, Plaintiff Burton's claims based on a failure-to-warn theory are governed by section 82.007 of the Texas Civil Practice and Remedies Code, which provides that a pharmaceutical manufacturer is entitled to a rebuttable presumption that it is not liable for failure to warn if the FDA approved the warnings and information that accompanied the product. Tex. Civ. Prac. & Rem. Code § 82.007(a)(1); *Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 379 (5th Cir. 2012). That presumption can only be overcome if Plaintiff pleads and proves one of several statutory exceptions, which Plaintiff Burton has failed to plead. Plaintiff Burton's claims should be dismissed.

IV.

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28

U.S.C. § 1915(e)(2).

Signed this 28th day of November, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).